**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| In re Colton and Stephnie Osborn, et al.,[1] | ) | Case No. 24-40202 |
| | ) | |
| Debtors. | ) | Chapter 12 |

## MOTION TO ASSUME CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

COME NOW, Colton and Stephanie Osborn, C&S Ag, LLC, and C&S Organics, LLC (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 12 cases (collectively, the "Chapter 12 Cases"), pursuant to section 105(a) and 365 of title 11 of the United States Code, (the "Bankruptcy Code"), Rule 1015(b), 6006, and 9006 of the Federal Rules of Bankruptcy Procedure, (the "Bankruptcy Rules") and Rule 9006-1 and 9014-1 of the Nebraska Rules of Bankruptcy Procedure (the "Local Rules") and file this *Motion To Assume Certain Unexpired Leases Of Nonresidential Real Property*.

## BACKGROUND

1. On March 8, 2024, (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 12 of the Bankruptcy Code. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. By Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O), and Debtors consent to entry of a final order by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Prior to filing their Chapter 12 Cases, the Debtors, Colton Osborn ("Mr. Osborn"), Stephanie Osborn ("Mrs. Osborn") C & S Ag, LLC ("CS Ag") and C & S Organic, LLC ("CS Organic") entered into one or more of the following lease agreements (the "Leases") with Meadowlark Lands OP I, LLC ("Meadowlark"):

   a. Mr. Osborn and CS Ag executed and delivered a Farm Lease Agreement to Meadowlark for 136.1 acres of farm ground located in Dawson County, Nebraska (hereinafter referred to as the "Echo Lease.");

   b. Mr. Oborn and CS Ag executed and delivered a Farm Lease Agreement to Meadlowlark for 529.49 acres of farm ground located in Gosper County, Nebraska (hereinafter referred to the "Delta Lease");

   c. Mr. Osborn, Mrs. Osborn and CS Organic executed and delivered a Farm Lease Agreement to Meadowlark for 155.33 acres of farm ground located in Dawson County, Nebraska (hereinafter referred to as the "Lima Lease"); and

---

[1] C&S Ag, LLC - Tax I.D. No. 83-4452293, C&S Organics, LLC – Tax I.D. No. 83-4444315, and Colton and Stephanie Orborn.

IN THE MATTER OF
Colton and Stephnie Osborn et al., Debtors
Case No BK 24-40202
Motion To Assume and Assign

    d. Mr. Osborn and CS Ag executed and delivered a Farm Lease Agreement to Meadowlark for 151.59 acres of farm ground located in Dawson County, Nebraska (hereinafter referred to as the "November Lease").

## Relief Requested

3. As part of Debtor's overall reorganization plan, Debtor intends to assume the Leases.

4. Debtors submit that although this motion seeks assumption of multiple unexpired leases, said Leases are between the same parties and therefore the requirements of Rule 6006(f) do not apply. Fed. R. Bank. P. 6006(f) ("A motion to reject or, if permitted under subdivision (e), a motion to assume or assign multiple executory contracts or unexpired leases *that are not between the same parties* shall…". *Emphasis added*).

## The Assumption the Leases

5. Under §365(a), a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Section 365(b)(1) codifies the requirements for assuming an executory contract or unexpired lease of a debtor and provides that:

> (b)(1) if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee – (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…and (C) provides adequate assurance of future performance under such contract or lease.

6. The standard governing bankruptcy court approval of a debtor's decision to assume or reject an executory contract or unexpired lease is whether the debtor's reasonable business judgment supports assumption or rejection. *See, e.g., In re Stable Mews Assoc., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984). The business judgment test "requires only that the trustee [or debtor in possession] demonstrate that [assumption or] rejection of the contract will benefit the estate." *Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co., (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987) (quoting *In re Stable Mews Assoc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y 1984)).

7. Debtors have sound business justification for the proposed assumption and assignment of the Leases. The Leases cover a significant amount of ground necessary to sustain Debtors' operations. Loss of the Leases would have a significant impact on Debtors' ability to earn money (particularly given that the ground subject to the Leases is certified organic) and consequently Debtors' ability to repay creditors. Thus, assumption of the Leases will benefit the estate.

8. Moreover, pursuant to §365(b)(1) of the Bankruptcy Code, for a debtor to assume an executory contract, it must "cure, or provide adequate assurance that the debtor will promptly cure," any default, including compensation for any "actual pecuniary loss" relating to such default. 11 U.S.C. § 365(b)(1).

9. The Leases are, for the most part, production-based leases in that the rent under the Leases is predicated on the yield / sale price of crops grown on the leased ground. Historically, Debtors paid the production rent in the year proceeding the prior year's crop sale. For example, Debtors would pay rent for the 2022 crop year in 2023, notwithstanding the fact that the Leases require rental payments in November or December of a particular year (2022 in this example). This timing has not been previously opposed by Meadowlark. To that end, Debtors' understanding was that the rent paid to Meadowlark in 2024 was in fact

IN THE MATTER OF
Colton and Stephnie Osborn et al., Debtors
Case No BK 24-40202
Motion To Assume and Assign

for the 2023 crop year and that rent for the 2024 crop year would be paid in 2025. However, Debtors' bankruptcy cases possibly upended this arrangement. In order to resolve a motion to compel assumption or rejection of the Leases, Debtors effectively prepaid rent for 2024 crop year leaving open the question of how to resolve payment for the production rent for 2023 crop year. Debtors and Meadowlark are currently negotiating a solution to the cure amount, if any, necessary to assume the Leases. This Motion will allow Debtors and Meadowlark the mechanism to assert and resolve a claim or claims for cure under §365(b)(1) of the Bankruptcy Code.

10. Moreover, §365(b)(1)(C) provides that a debtor must provide adequate assurance of future performance under such contract or lease as a condition to assumption. As an initial matter, rent for 2024 has already been paid. In addition, Debtor's continued farming operations would constitute adequate assurance of future performance under the production-based Leases. To the extent required by this Court, Debtors will be able to provide Meadowlark adequate assurance of their future performance under the Leases to the parties thereto in satisfaction of §365(f)(2)(B).

## Conclusion

**WHEREFORE**, Debtors respectfully pray this Court enter an order: (1) granting this Motion in full; (2) overruling all objections to this Motion; (3) approving and authorizing, but not directing the assumption of the Leases; and (4) granting any other relief at equity or law this Court deems necessary or appropriate.

**Colton and Stephnie Osborn et al., Debtors.**

By:   /s/ *Patrick R. Turner*
TURNER LEGAL GROUP, LLC
Patrick Turner (NE Bar No. 23461)
14707 California Street, #1
Omaha, Nebraska 68154
Telephone: (402) 690-3675
pturner@turnerlegalomaha.com

Counsel for Debtors.