IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK 24-40202 |
| | ) | Chapter 12 |
| STEPHANIE OSBORN and | ) | |
| COLTON OSBORN, et al[1] | ) | (JOINTLY ADMINISTERED) |
| | ) | |
| Debtors. | ) | |

**OBJECTION TO THE DEBTORS' MOTION TO ASSUME CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Comes now the creditor and interested party, Meadowlark Lands OP I, LLC ("Meadowlark") and hereby enters its Objection to the Debtors' Colton Osborn ("Mr. Osborn"), Stephanie Osborn ("Mrs. Osborn") (collectively the "Osborns"), C & S Ag, LLC ("C&S Ag") and C & S Organics, LLC's ("C&S Organics") (collectively referred as the "Debtors") Motion to Assume Certain Unexpired Leases of Nonresidential Real Property (the "Motion"). In support of its Objection, Meadowlark states and alleges as follows:

1. The Debtors each filed separate Chapter 12 bankruptcy proceedings on March 8, 2024, in the United States Bankruptcy Court for the District of Nebraska (the "Bankruptcy Court").

2. Prior to filing their Voluntary Chapter 11 Voluntary Petitions for Relief, the Debtors entered into one or more of the following lease agreements with Meadowlark:

    (a) Mr. Osborn and CS Ag executed and delivered a Farm Lease Agreement to Meadowlark for 136.1 acres of farm

---

[1] The Debtors in these Chapter 11 cases include Stephanie Osborn and Colton Osborn at Case No. 24-40202 and C&S Ag, LLC at Case No. 24-40200 and C&S Organics at Case No. 24-40201.

1

          ground located in Dawson County, Nebraska (hereinafter referred to as the "Echo Lease"); and

(b)     Mr. Oborn and CS Ag executed and delivered a Farm Lease Agreement to Meadowlark for 529.49 acres of farm ground located in Gosper County, Nebraska (hereinafter referred to the "Delta Lease"); and

(c)     Mr. Osborn, Mrs. Osborn and CS Organic executed and delivered a Farm Lease Agreement to Meadowlark for 155.33 acres of farm ground located in Dawson County, Nebraska (hereinafter referred to as the "Lima Lease"); and

(d)     Mr. Osborn and CS Ag executed and delivered a Farm Lease Agreement to Meadowlark for 151.59 acres of farm ground located in Dawson County, Nebraska (hereinafter referred to as the "November Lease").

5. On the date of filing (March 8, 2024), Mr. Osborn and CS Ag were in default of the Echo Lease in the amount of **$28,003.68**.

6. On the date of filing (March 8, 2024), Mr. Osborn and CS Ag were in default of the Delta Lease in the amount of **$380,479.49**.

7. On the date of filing (March 8, 2024), Mr. Osborn, Mrs. Osborn, and CS Organic were in default of the Lima Lease in the amount of **$115,552.06**.

8. On the date of filing (March 8, 2024), Mr. Osborn and CS Ag were in default of the November Lease in the amount of **$26,103.00**.

9. The Echo Lease, the Delta Lease, the Lima Lease and the November Lease are sometimes collectively referred to as the "Leases".

10. On March 19, 2024, the Bankruptcy Court granted the Debtors' Motion for Joint Administration (ECF #34).

11. On or about May 16, 2024, Meadowlark timely filed Proofs of Claim in the respective bankruptcy cases.

12. On July 22, 2024, the Debtors filed the Motion (ECF #98).

13. The Debtors state in their Motion that the Debtors believed that their rent owed to Meadowlark for 2023 was not due to be paid until 2024. Meadowlark denies those allegations and contends that the 2023 rent was payable in 2023.

13. *11 U.S.C. §365(b)(1)*(A) and (C) states that the trustee may not assume a lease unless the trustee cures or provides assurance that it will promptly cure a default and provides adequate assurance of future performance of each of the Leases.

14. Meadowlark objects to the Debtors' Motion for the following reasons among others:

   (a) The Debtor's Motion does not comply with the assumption requirements of *11 U.S.C. §365(b)(1)*; and

   (b) As of the date of filing, each of the Leases was in default for nonpayment of the rent owed for 2023. The Motion fails to state how the Debtors will cure the payment defaults that currently exist; and

   (c) The Motion fails to provide any information on how the Debtors will provide adequate assurance to Meadowlark that the Debtors will adequately perform the Leases for the entire term of the Leases. The Debtors Motion states that its continued farming operates as adequate assurance. Meadowlark contends that the Debtors have not provided confirmation of additional financing for 2025 and subsequent years and thus the Debtors' potential continued farming is still not certain.

3

15. Since the Debtors have not cured the payment default for each of the Leases and have not provided adequate assurances of future performance of each of the Leases, the Debtors are not entitled to assume each of the Leases.

WHEREFORE, Meadowlark prays this Court for an Order for the following:

(a) Denying the Debtors Motion; and

(b) For such other further relief as the Court deems just and proper.

/s/ Michael J. Whaley
Michael J. Whaley, #19390
Cline Williams Wright Johnson
 Oldfather, L.L.P.
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, NE  68124
Telephone:  (402) 397-1700
Facsimile:   (402) 397-1806
mwhaley@clinewilliams.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2024, I caused the above document to be filed with the Clerk of the Court using the CM/ECF system which gave notification electronically upon all parties who filed an appearance by electronic filing in this case, and I hereby certify that I have mailed by first class United States mail, postage prepaid, the document to the following:

None.

/s/ Michael J. Whaley

4886-1983-6631, v. 1